UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY R. BRATTON, III,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>ROBERT HERNANDEZ, Warden,<br><br>　　　　　　　Respondent. | Civil No.　08cv1932 WQH(RBB)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANTING MOTION TO DISMISS [DOC. NO. 4] AND DISMISSING PETITION, AND**<br><br>**ORDER DENYING REQUEST FOR EVIDENTIARY HEARING** |

**I.　INTRODUCTION**

　　Henry R. Bratton, III (hereinafter "Bratton" or "Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a decision of the Board of Parol Hearings (hereinafter "Board") denying him parole based on the need for a new psychiatric evaluation.  (Pet. 6-8.)  Bratton alleges that he is being denied due process by the Board's ongoing request for new psychiatric reports because there is no evidence to support its finding that the previous report was insufficient.  (<u>Id.</u> at 8.)  Petitioner seeks "an order mandating that the Board assess his parole

1  eligibility on other reasons than psychiatric" and an evidentiary
2  hearing to determine whether ordering additional psychiatric
3  evaluations is a new method of denying parole.  (Id.)
4      The Respondent, Warden Hernandez, has filed a Motion to
5  Dismiss [doc. no. 4].  Respondent contends that (1) the Petition
6  should be dismissed because it fails to present a federal claim,
7  and Petitioner has not argued that the state court decisions
8  denying him relief were contrary to, or an unreasonable application
9  of, clearly established federal law, or based on an unreasonable
10 determination of the facts in light of the evidence before the
11 state courts; and (2) the Petition is premature because Petitioner
12 is seeking an order mandating the conditions under which the Board
13 assess his parole eligibility at future hearings.  (Mem. P. & A.
14 Supp. Motion Dismiss 2-3.)
15     Bratton has filed an Opposition [doc. no. 5] in which he
16 argues that he has presented a federal due process claim because
17 the Board's new practice has no statutory support and is contrary
18 to clearly established law, relying on Hess v. Bd. of Parole &
19 Post-Prison Supervision, 514 F.3d 909, 913 (9th Cir. 2008).[1]
20 (Opp'n 2-3.)  Petitioner further contends that the claim is not
21 premature.  (Id. at 3.)
22     The Court ordered supplemental briefing on April 27, 2009,
23 requesting that the parties notify the Court of the date of the
24 most recent Parole Board decision, and the outcome of the hearing.
25 (Doc. No. 6.)  On May 6, 2009, Bratton filed a response to the
26 Court's Order, stating that the most recent Board decision was on

---

[1] Bratton does not cite Hess, but he includes a block quote which appears to be taken directly from that case.  Therefore, the Court assumes he intends to rely on Hess.

-2-

July 8, 2008, and that he was found suitable for parole at that time. (Doc. No. 7.) Bratton noted that the Governor of California reversed the parole grant decision on November 25, 2008, and he purports to challenge that decision in his supplemental briefing. (Id.)[2]

Respondent filed his Supplemental Brief on May 21, 2009; he states that Bratton was granted parole at his July 8, 2008, parole hearing. (Resp't's Supplemental Br. 2.) Respondent concludes, "The Board's recent decision granting parole further undermines Petitioner's claims challenging the Board's use of psychological evaluations." (Id.)

Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court finds that to the extent Petitioner alleges a due process claim challenging the 2006 parole hearing, that claim is second or successive. Further, the Court finds that although Petitioner has stated a federal due process claim regarding future hearings, the claim is moot. The Court also finds that Petitioner is not entitled to an evidentiary hearing. The Court therefore recommends that Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

**III. DISCUSSION**

Warden Hernandez moves to dismiss the current Petition on the basis that it "does not state a federal claim for relief and it seeks prospective relief for a decision that has not yet occurred." (Mem. P. & A. Supp. Answer 2.) Petitioner opposes the Motion to

---

[2] The Court notes that there is no indication that this claim has been exhausted, and it is not a part of this Petition.

Dismiss, arguing that the Board has adopted a practice of denying parole based on the need for ongoing psychiatric evaluations, as it did at his September 5, 2006 hearing, and this practice violates due process. (Opp'n 2-3.) Bratton also argues that the Petition is not premature, and Respondent cannot produce any statutory regulation which allows the Board to continue this practice. (Id. at 3-4.)

**1.   The Petition is Second or Successive.**

Respondent contends that Petitioner is not challenging any past decision of the Board to deny his release on parole, but instead, he is seeking only prospective relief for a decision that has not yet occurred. (Mem. P. & A. Supp. Answer 2.)

It is clear from the Petition that Bratton is challenging future Board decisions which may deny parole based on the need for additional psychiatric evaluations.[3] It also appears, however, that he is challenging the Board's use of this criteria in its September 5, 2006, decision. Bratton states that "[t]he Board has developed a new practice that is not a prerequisite to parole suitability by unnecessarily requesting a new psych evaluation . . . . At his September 5, 2006 hearing, the panel concluded that his current psych evaluation was inconclusive and ordered a new report." (Pet. 6.)

To the extent Petitioner is asserting a claim based on the Board's September 5, 2006, denial of parole, this Petition is second or successive. Respondent does not challenge Bratton's

---

[3] Petitioner contends that he is being denied due process by the Board's ongoing request for a new psychiatric evaluation and seeks an order mandating that "the Board assess his parole eligibility on other reasons than psychiatric." (Pet. 8.)

-4-

Petition as second or successive; he notes that Petitioner filed a previous petition challenging the Board's September 5, 2006, decision in case number 07-cv-1699 L (BLM), which was dismissed on procedural grounds on August 21, 2008. (Mem. P. & A. Supp. Answer 2, n.1.)

When a federal habeas petitioner proceeds to judgment on the merits of claims presented with respect to a particular judgment, any later filed habeas corpus petition attacking that same judgment is considered a "second or successive" petition. Slack v. McDaniel, 529 U.S. 473, 486-88 (2000). Under such circumstances, a petitioner is required to obtain authorization from the court of appeals to file a second or successive petition in the district court. 28 U.S.C.A. § 2244(b)(3) (West 2006). Petitioner must make a prima facie showing to the court of appeals that he has satisfied the requirements of § 2244(b)(2), i.e., that his claim is either based on a new rule of constitutional law made retroactive by the Supreme Court, or on the discovery of new, material evidence. 28 U.S.C.A. § 2244(b)(2) (West 2006).

Court records reflect that on August 27, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus in the United District Court for the Southern District of California. In that petition, Bratton challenged the September 5, 2006, Board decision denying him parole. (See Bratton v. Hernandez (Bratton I), No. 07cv1699-L(BLM) (S.D. Cal. filed Aug. 27, 2007) (Petition 17).) Bratton argued that he was denied due process for several reasons:

//
//
//

> (1) [T]he BPH's findings that Petitioner poses an unreasonable risk of danger is not supported by any evidence, since all of the evidence shows that Petitioner would pose no threat to public safety if released; (2) each ground relied upon by the Board to deny parole lacked support; (3) the Board relied solely upon Petitioner's commitment offense; (4) there is no nexus between Petitioner's commitment offense and Petitioner's parole risk; (5) the Board failed to base its [decision on] codified suitability criteria; (6) the findings and recommendations of the Board were mere recitations of the previous panels and the Governor's Review ordering his date to be rescinded; (7) and given that the 1992 Recision Hearing used the preponderance of the evidence standard which conflicts with Superintendent v. Hill, (1985) 472 U.S. 445 has caused Petitioner's subsequent hearings to be tainted and violated his rights to procedural due process.

(Id. Attach. Mem. P. & A. 18.)

On March 20, 2008, Magistrate Judge Barbara Major issued a Report and Recommendation, stating that the Respondent's Motion to Dismiss the petition should be granted because Bratton's claims were procedurally defaulted. (See Bratton v. Hernandez (Bratton I), No. 07cv1699-L (BLM) (S.D. Cal. Mar. 20, 2008) (report & recommendation). The district court adopted the Report and Recommendation on August 21, 2008. (See Bratton v. Hernandez (Bratton I), No. 07cv1699-L (BLM) (S.D. Cal. Aug. 21, 2008) (order adopting report & recommendation dismissing petition). Bratton did not appeal the order granting the motion to dismiss.

The Ninth Circuit, in Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005), held that a denial on the grounds of procedural default is a disposition on the merits, and therefore, any subsequent habeas petition is considered second or successive for purposes of AEDPA. As noted above, the district court in Bratton I, held that Bratton's claims were barred on state procedural default grounds. As a result, any attempt to reallege

1  that the Board denied Petitioner's federal due process rights at
2  the September 5, 2006, hearing by requesting an additional
3  psychiatric evaluation is barred unless Bratton complies with the
4  requirement for bringing a second or successive petition.
5       The Petition here is considered second or successive unless
6  Bratton <u>did not have the opportunity</u> to present the claim in his
7  prior petition.  <u>Hill v. Alaska</u>, 297 F.3d 895, 898-99 (9th Cir.
8  2002).  Petitioner could have challenged the Board's request for an
9  additional psychiatric evaluation in his prior habeas petition, so
10 the Petition is second or successive.  <u>Id.</u>; <u>see also</u> <u>Woods v.
11 Carey</u>, 525 F.3d 886, 888 (9th Cir. 2008) (noting that "a new
12 petition is 'second or successive' if it raises claims that were or
13 could have been adjudicated on their merits in an earlier
14 petition[]") (quoting <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1273 (9th
15 Cir. 2001) (holding that because petitioner "was aware of the
16 factual predicate of this claim long ago and could have raised the
17 claim in his first petition, his claim is 'second or
18 successive[]'")).  Because Bratton has not obtained permission from
19 the Ninth Circuit Court of Appeals to file a second or successive
20 petition, this Court lacks jurisdiction over any claim in the
21 current Petition which challenges the Board's September 5, 2006,
22 decision.  <u>Cooper</u>, 274 F.3d at 1274 (holding that "the district
23 court may not, in the absence of proper authorization from the
24 court of appeals, consider a second or successive habeas
25 application[]").
26 //
27 //
28 //

1     "[Federal courts] are obligated to raise questions concerning
2 [their] subject matter jurisdiction sua sponte in all cases."
3 Boone v. Sec'y. Dep't of Corrs., 377 F.3d 1315, 1316 (11th Cir.
4 2004); accord Winburn v. Jackson, 2008 U.S. Dist. LEXIS 790, at *12
5 (E.D. Mich. Jan. 7, 2008) (raising second or successive petition
6 issue sua sponte).
7     Accordingly, to the extent the current Petition seeks relief
8 based on the September 5, 2006, Board decision, the Court
9 recommends sua sponte **DISMISSAL** of any such claims as second or
10 successive pursuant to 28 U.S.C. § 2244(b), without prejudice to
11 allow Petitioner to seek permission from the Ninth Circuit to file
12 a second or successive petition.
13     **2.   The Petition States a Federal Claim.**
14     Respondent argues that the Petition fails to state a federal
15 claim for relief because it simply alleges a broad due process
16 claim but does not "specifically allege a violation of federal
17 law." (Mem. P. & A. Supp. Answer 2.) In particular, Warden
18 Hernandez asserts that Bratton "has not cited any federal law that
19 restricts the Board's ability to order an updated psychological
20 evaluation for a subsequent parole consideration hearing." (Id. at
21 2-3.) Further, Respondent notes that Petitioner has not asserted
22 that the state court's adjudication of his claim was "contrary to,
23 or involved an unreasonable application of, clearly established
24 Federal law." (Id. at 3 (citing 28 U.S.C. § 2254(d)).)
25     Petitioner argues in his Petition that the Board's change from
26 previous policy is arbitrary, and renders the Board's decision
27 contrary to clearly established law, citing Hill v. Colorado, 530
28 U.S. 703, 732 (2000). (Pet. 7.) He also suggests that Martin v.

1  Marshall, 431 F. Supp. 2d 1039 (N.D.Cal. 2006), and In re Andrade,
2  141 Cal. App. 4th 807, 46 Cal. Rptr. 3d 317 (2006), support the
3  argument contained in his Petition.  In his Opposition, Bratton
4  elaborates on his federal claim, contending that the Board's new
5  method to deny or postpone parole by requesting new or updated
6  psychological evaluations is contrary to established law, including
7  California Code of Regulations, Title 15, sections 2280-81, and
8  violates his federal due process rights, relying on Hess, 514 F.3d
9  at 913.  (Opp'n 2.)  Although he does not cite Hess v. Bd. of
10 Parole & Post-Prison Supervision, 513 F.3d 909, the quote on page
11 two of Petitioner's Opposition, appears to come from Hess.  Compare
12 (Opp'n 2), with Hess, 513 F.3d at 913.

13      Bratton does not directly argue that the Board's adoption of
14 this practice of requesting updated psychological evaluations
15 violates his right to due process.  He relies on Hill and Martin in
16 his Petition, and Hess in his Opposition, which is sufficient to
17 consider his claim a federal due process challenge to the Board's
18 action.  Courts should liberally construe pro se pleadings.  Zichko
19 v. Idaho, 247 F.3d 1015, 1020-21 (9th Cir. 2001).  Here, Petitioner
20 sufficiently stated facts in the Petition, along with supporting
21 case law, to permit the Respondent to assert appropriate objections
22 and defenses.  See Harris v. Allen, 739 F. Supp. 564, 565 (W.D.
23 Okla. 1989).  Therefore, Bratton has sufficiently presented a
24 cognizable federal claim.  Nevertheless, this second or successive
25 Petition suffers from other defects that require its dismissal.
26 //
27 //
28 //

**3. The Petition is Moot.**

In his Answer, Respondent claims that Bratton is not challenging the September 5, 2006, Board decision; instead, Respondent argues that Bratton is requesting prospective relief in the form of an order mandating that at future hearings the Board not consider psychiatric factors in deciding his eligibility for parole. (Mem. P. & A. Supp. Answer 3.)

Petitioner maintains that the claim is not premature, reiterating that the panel requested an updated psychological evaluation at his 2006 hearing. (Opp'n 3.) Bratton also states that "[t]he only thing of being premature is that the request has not happened a third time given that the 2007 evaluation was favorable." (Id.)

The ripeness doctrine is intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . ." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967), overruled on other grounds by, Califano v. Sanders, 430 U.S. 99, 105 (1977). "[W]here the existence of the dispute itself hangs on future contingencies that may or may not occur[,]" a claim is not ripe for adjudication. Clinton v. Acequia, Inc., 94 F.3d 568, 572 (9th Cir. 1996). Similarly, if "there is no danger of imminent and certain injury to a party, an issue has not 'matured sufficiently to warrant judicial intervention.'" Poland v. Stewart, 117 F.3d 1094, 1104 (9th Cir. 1997) (quoting Clinton v. Acequia, Inc., 94 F.3d at 572)); accord Warth v. Seldin, 422 U.S. 490, 499 n.10 (1975).

//

//

Since the filing of his Petition, the Board has granted Bratton's request to be paroled. As a result, the Court must determine whether this Petition is moot. Courts have "an independent duty to consider sua sponte whether a case is moot . . . ." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004.)

Petitioner acknowledges in his Opposition that his 2007 evaluation was favorable, and the Board did not ask for another psychiatric evaluation. (Opp'n 3.) Bratton noted in his supplemental briefing that he received another Board hearing on July 8, 2008, and was found suitable for parole at that hearing.[4] (Pet'r's Supplemental Br. 1.) Consequently, to the extent he is seeking to preclude the Board from denying his request for parole based on further psychological evaluations, there is no case or controversy, so his claim is moot. See Spencer v. Kemna, 523 U.S. 1, 7-8, 18 (1998).

Therefore, the Court recommends **GRANTING** Respondent's Motion to Dismiss.

**4. Petitioner is Not Entitled to an Evidentiary Hearing**

Finally, Petitioner requests an evidentiary hearing as to his claim. (Pet. 8.) Based on the finding in this Report that Petitioner has not presented a federal claim that is ripe for adjudication, Petitioner's request for an evidentiary hearing is **DENIED**.

//
//
//

---

[4] On November 25, 2008, Governor Schwarzenegger reversed the parole grant decision. (Pet'r's Supplemental Br. Ex. 4.)

**V.   CONCLUSION AND RECOMMENDATION**

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.  For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order (1) approving and adopting this Report and Recommendation, (2) directing that Judgment be entered granting Respondent's Motion to Dismiss, and (3) dismissing the Petition.

Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS ORDERED** that no later than **July 13, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 27, 2009.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**DATED:** June 11, 2009

Hon. Ruben B. Brooks
**UNITED STATES MAGISTRATE JUDGE**