# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY R. BRATTON, III, | CASE NO. 08cv1932-WQH-RBB |
| Petitioner, | **ORDER** |
| vs. | |
| ROBERT HERNANDEZ, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (Doc. # 9) issued by United States Magistrate Judge Ruben B. Brooks, recommending that Respondent's Motion to Dismiss (Doc. # 4) be granted and the Petition for Writ of Habeas Corpus (Doc. # 1) be denied.

**I.   Background**

On October 20, 2008, Petitioner Henry R. Bratton, III filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. # 1). Petitioner contends that he has been denied due process by a 2006 decision of the Board of Parol Hearings ("Board") to deny him parole based upon his psychiatric evaluation. (Doc. # 1 at 6-8.) Petitioner contends that he is being denied due process by the Board's ongoing request for "unnecessary" new psychiatric evaluations. (Doc. # 1 at 6-8.) Petitioner seeks "an order mandating that the Board assess his parole eligibility on other reasons than psychiatric" and an evidentiary hearing to determine whether ordering additional psychiatric evaluations is a new method of denying

parole. (Doc. # 1 at 8).

On October 27, 2008, the Magistrate Judge notified Petitioner of the requirement that a petitioner exhaust his state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim the petitioner seeks to raise in federal court. (Doc. # 2 at 1 (citing 28 U.S.C. § 2254(b)-(c))).

On December 11, 2008, Respondent Warden Hernandez filed a Motion to Dismiss the Petition, contending that the Petition fails to present a federal claim, and the Petition is premature because it is seeking an order mandating the conditions under which the Board assess his parole eligibility at future hearings. (Doc. # 4 at 2-3).

On April 27, 2009, the Magistrate Judge ordered supplemental briefing, requesting the parties to notify the Court of the date of the most recent Parole Board decision, and the outcome of the hearing. (Doc. # 6).

On May 6, 2009, Petitioner filed a supplemental brief, stating that the most recent Board decision was on July 8, 2008, and that he was found suitable for parole at that time. (Doc. # 7 at 1). Petitioner stated that, on November 25, 2008, the Governor of California reversed the Board's decision to grant parole. (Doc. # 7 at 1, Ex. 4). Petitioner challenges the Governor's reversal decision, contending that the Governor relied upon an erroneous interpretation of his 2004 psychiatric evaluation, ignored a more recent psychiatric evaluation, and improperly relied upon a letter from the Santa Clara Police Department. (Doc. # 7 at 8-9).

On May 21, 2009, Respondent filed a supplemental brief, contending that "[t]he Board's recent decision granting parole further undermines Petitioner's claims challenging the Board's use of psychological evaluations." (Doc. # 8).

On June 11, 2009, the Magistrate Judge issued the Report and Recommendation, recommending that the Motion to Dismiss be granted and the Petition be denied. (Doc. # 9). The Magistrate Judge found that to the extent Petitioner alleges a due process claim challenging the 2006 parole hearing, that claim is second or successive. The Magistrate Judge found that although the Petition stated a federal due process claim, the claim is moot because his latest psychiatric evaluation was positive and the Board did not ask for another evaluation.

With respect to the Petitioner's challenge of the Governor's decision to reverse the Board's grant of parole, the Magistrate Judge "note[d] that there is no indication that this claim has been exhausted, and it is not a part of this Petition." (Doc. # 9 at 3 n.2). The Magistrate Judge also found that Petitioner is not entitled to an evidentiary hearing.

The parties were ordered to file objections to the Report and Recommendation no later than July 13, 2009. Neither party filed objections to the Report and Recommendation.

## II.     Review of the Report and Recommendation

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Neither party objected to the Magistrate Judge's Report and Recommendation in this case, and this Court has reviewed the Report and Recommendation in its entirety. The Court concludes that the Magistrate Judge correctly determined that to the extent Petitioner alleges a due process claim challenging the 2006 parole hearing, that claim is second or successive; because Petitioner's latest psychiatric evaluation was positive and the Board did not ask for another evaluation, his claim is moot; and Petitioner is not entitled to an evidentiary hearing. The Magistrate Judge also correctly determined that Petitioner's challenge of the Governor's decision to reverse the Board's grant of parole, which was raised for the first time in his supplemental brief filed on May 6, 2009, was not a part of his Petition. Petitioner has failed to show that he exhausted his state judicial remedies with respect to the Governor's November 25, 2008 decision. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus

on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State."). The most recent state court decision in the record is a denial of Petitioner's state habeas petition by the California Supreme Court, dated September 17, 2008–two months prior to the Governor's decision. (Doc. # 1 at 13). The Court adopts all portions of the Report and Recommendation.

### III. Conclusion

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. # 9) is **ADOPTED** in its entirety, and the Motion to Dismiss (Doc. # 4) is **GRANTED** and the Petition for Writ of Habeas Corpus (Doc. # 1) is **DENIED**. The Clerk of the Court shall enter judgment in favor of Respondent.

DATED: July 28, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge